UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**GUSTAVO JOSE ZORILLA MUNOZ,**

**Petitioner,**

**v.** **Case No. 26-CV-1452**

**DALE SCHMIDT[1], and**
**UNITED STATES OF AMERICA,** ***nominal party*****,**

**Respondents.**

---

# ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

On August 25, 2026, Gustavo Jose Zorilla Munoz filed a petition, through counsel, for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Zorilla Munoz was taken into immigration custody on June 29, 2026, and he challenges the lawfulness of his current detention in this district at the Dodge Detention Facility. (*Id.* at 2–3, 5.)

Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2), the court may apply the Rules Governing Section 2254 cases to habeas petitions under 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing Section 2254 Cases,

[1] Zorilla Munoz named Terry Hood as the respondent and indicated he is the warden at the Dodge Detention Facility, but the court has found no evidence of an individual named Terry Hood affiliated with that facility. The official ultimately in charge of the Dodge County Jail is the Dodge County Sheriff, Dale J. Schmidt. The Clerk of Court shall update the caption to replace Terry Hood with Dale Schmidt.

the court must screen the petition to determine whether it may proceed. *See* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

According to the petition, the Immigration Judge determined that Zorilla Munoz was a danger and a flight risk and denied him release on bond during custody redetermination proceedings on July 9, 2026. (ECF No. 1 at 3.) He claims this finding was erroneous and requires review. (*Id.* at 8.) He did not appeal the decision because his "case remains before the Chicago, Illinois Immigration Court and thus cannot be Appealed to the Board of Immigration Appeals." (*Id.* at 3.) He requests that the petition be granted or, alternatively, that he be granted release via an alternative to detention program. (*Id.* at 8.)

Zorilla Munoz argues his habeas petition should be granted for four reasons: (1) he has not proven to be a flight risk or danger to himself or others; (2) his Fifth Amendment right to due process was violated when he was erroneously found to be a danger and a flight risk contrary to evidentiary showings in his removal proceedings; (3) he should be released pursuant to 8 U.S.C. § 1226(c) because he meets the conditions to be considered for release on his own recognizance; and (4) he has a work authorization and a pending application for asylum and withholding of removal with supporting evidentiary materials that demonstrate he is not a danger. (ECF No. 1 at 7–8.)

This court can hear challenges to the lawfulness of an immigrant's detention. *See* 28 U.S.C. § 2241(c)(3) (providing that habeas relief is available whenever an individual "is in custody in violation of the Constitution or laws or treaties of the United States"). However, the court cannot review the Immigration Judge's factual findings and ultimate bond determination. *See Calvette Chirinos v. Olson*, No. 26-CV-369-LA, 2026 WL 1724667, at *4, 2026 U.S. Dist. LEXIS 132476 (E.D. Wis. June 12, 2026) (citing 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); 8 U.S.C. § 1252(a)(2)(B)(ii) (barring judicial review of any "decision or action" committed by law to the "discretion of the Attorney General or the Secretary of Homeland Security")). Review is limited to the structural fairness of the hearing, i.e. the law that the Immigration Judge applied and the process itself. *See id.*

Zorilla Munoz does not challenge the process or the law that the Immigration Judge applied. Each of his four arguments repackage his underlying contention that the Immigration Judge made a factual error in finding him to be a danger and a flight risk. He has not identified any authority for the court to re-evaluate this factual finding.

Zorilla Munoz also does not explain why the court should excuse his failure to exhaust his administrative remedies. Contrary to his statement in the petition, decisions of immigration judges relating to bond and custody determinations are appealable to the Board of Immigration Appeals. *See* 8 C.F.R. §§ 1003.1(b)(7), 1236.1(d)(3).

Because exhaustion is not statutorily required for preliminary immigration custody or bond determinations, district courts must exercise "sound judicial discretion" to determine whether exhaustion should be excused. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). "[T]he general rule [remains] that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *Id.* (quoting *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992)). The Seventh Circuit Court of Appeals has said that exhaustion should be excused when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Id.* Zorilla Munoz does not offer any such reason why the court should excuse his failure to exhaust his administrative remedies.

The petition fails to state a claim upon which habeas relief may be granted. However, the Seventh Circuit has emphasized that the district court generally should afford a plaintiff at least one opportunity to amend the petition. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). The court will allow Zorilla Munoz to file an amended petition if he wishes to proceed with this action. If he files an amended petition, it will replace the original petition and must be complete without reference to the original petition. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021).

**IT IS THEREFORE ORDERED** that Zorilla Munoz must file an amended petition with the court no later than **September 21, 2026. <u>If Zorilla Munoz fails to do so the court will recommend that his petition be dismissed.</u>**

**IT IS FURTHER ORDERED** that all of the petitioner's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The petitioner should also retain a personal copy of each document.

The petitioner is further advised that failure to comply with all deadlines in this matter may have serious consequences, up to and including the loss of certain rights or the dismissal of this entire action.

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 31st day of August, 2026.

William E. Duffin
WILLIAM E. DUFFIN
U.S. Magistrate Judge